Argued June 3, affirmed June 24, 1970

REID ET UX, *Respondents, v.*
SEVERSIKE ET UX, *Appellants.*

471 P2d 777

*Ralph Bolliger,* Beaverton, argued the cause for appellants. With him on the briefs were Myatt, Bolliger, Hampton & Freerksen, Beaverton.

*Frederick A. Anderson,* Tigard, argued the cause for respondents. With him on the brief were Anderson & Dittman, Tigard.

HOLMAN, J.

This is a suit by the purchasers of a residence to rescind the contract of purchase because of alleged misrepresentation of the condition of the premises. Defendants appealed from a decree of rescission.

The claimed misrepresentation was that the basement did not leak. Defendants contend that the court erred in making the following finding of fact:

> "That the basement of said premises is subject to flooding, of which defendants were fully aware prior to the sale to plaintiffs."

■ An examination of the evidence leaves little doubt that the basement did leak. There is credible evidence that during an occasion when the sump pump in the basement was not operable, the leakage was sufficient to accumulate approximately a foot of water. We agree with the trial judge that the basement was subject to flooding.

■■ Defendants also contend that the finding was in error in that defendants were not aware prior to the sale that the basement was subject to flooding. Fraud is not a prerequisite to rescission and the finding and defendants' contention are therefore irrelevant.

Defendants' second assertion of error is the trial court's making the following finding:

> "That timely notice of election of plaintiffs to

rescind the obligations under the said contract was given by the plaintiffs to the defendants."

■ The evidence of excessive leakage made itself known in the middle or latter part of December. Plaintiffs were not living on the premises. It was rented by them to their son. They first became aware of the situation the latter part of January. Thereafter, the plaintiff Mr. Reid was out of town on business a considerable period of time. He obtained the advice of a lawyer and made no payment on the purchase price after April 3. We agree with the trial court that under the circumstances notice of the claimed misrepresentation on April 17 and notice of rescission on April 29 were timely.

The decree of the trial court is affirmed.